## SOUTHERN MARBLE COMPANY v. NEWBERRY.

1. It was not error to refuse the written request to charge the jury as set out in the first division of the opinion.
2. The verdict was supported by the evidence, and the court did not err in refusing a new trial.

NOVEMBER 12, 1915.

Action for damages. Before Judge Patterson. Pickens superior court. November 11, 1914.

A. H. Davis and C. B. Atkins, for plaintiff in error.

Howard Tate, Howell Brooke, and McCallum & Sims, contra.

HILL, J. E. W. Newberry brought suit against the Southern Marble Company, to recover damages for personal injuries sustained by him while in the employment of the defendant as a laborer in its marble mill, alleging, that at the time of the injury he was at his post of duty, performing his work properly, and the defendant's other employees were letting a piece of marble about 12 feet by 2 feet in size onto the bed of the planer by means of a "block and fall;" that the plaintiff was placing blocks of wood on the planer-bed to let the block of marble rest on, and was holding the same in place in order to properly place the stone on the planer, as was his duty; and that when the block of marble was in about four inches of the wooden blocks held by the plaintiff on the planer-bed, the "right-hand dog" holding the end of the block of marble slipped and gave way suddenly, and it hit the block of wood held by him, turned over to the right towards him, caught his hand between the blocks of wood and the block of marble, and cut off his third finger and the end of his second finger. Negligence was alleged, in failing properly to inspect the machinery and appliances furnished at the place where the plaintiff was employed at work, and in furnishing unsafe and unsound machinery and appliances, etc. The defendant denied the material allegations of the petition and any liability on account of the injury, and averred that the plaintiff was injured by reason of his own negligence and in the failure to use ordinary care for his own safety. The jury returned a verdict for the plaintiff for $300. A motion for a new trial was overruled, and the defendant excepted.

1. Error is assigned because the court refused the following written request to charge: "An employee who has the choice of

two ways of doing a given piece of work, the one safe and the other dangerous, is under a duty to his employer to select the safe way; and if, instead of so doing, he selects the dangerous way, when he knows or ought to know of the danger, he can not recover of the employer for injuries thus sustained, although his conduct in selecting the dangerous way may not have amounted to actual rashness. Where an employee is confronted with two methods of performing his work, the one safe and the other dangerous, he owes a positive duty to his employer to pursue the safe method, irrespectively of the danger which may be involved in the unsafe method; and any departure from the path of safety which lies before him will prevent his recovery in the event he is injured." This request was not authorized by the evidence, and the court did not err in refusing to give the instruction. Even if the principle so requested to be charged was authorized and applicable under the evidence, the request as presented to the court is not entirely accurate. The request as written was evidently taken from the case of *Central Ry. Co.* v. *Moseley*, 112 *Ga.* 914 (38 S. E. 350),—a portion of it from the fourth headnote and a part from the opinion as delivered by Mr. Justice Lewis (p. 917), and the part taken from the opinion is not accurately copied. It does not follow that an excerpt from the opinion of a reviewing court is always suitable to be given in charge by the judge of a trial court to a jury. We have examined the evidence carefully, and there is nothing in it to show that the plaintiff knew that there were two ways of performing the work assigned to him—a safe and an unsafe way, and that he selected the latter.

2. The evidence was sufficient to authorize the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*