### SULLIVAN v. LATIMER.

1. Exceptions taken to an intermediate decree, but not then prosecuted on appeal, may not afterwards be considered on appeal from a subsequent intermediate decree; they must await the final judgment.
2. An order appointing a special master instead of the master to whom it had been referred by a previous order (not appealed from) to take the testimony, &c., is not properly an order of reference, but a direction to carry into effect the previous order of the court.
3. An order of reference to take testimony and state accounts may be made by the court in the absence of persons directed by the same order to be made parties by amendment. This case distinguished from *Ex parte Maurice*, 24 S. C., 173, and *Holladay* v. *Holladay*, 27 *Id.*, 622.

Before HUDSON, J., Greenville, June, 1889.

Action by Charles M. Sullivan against Joseph P. Latimer and John H. Latimer, executors of Hewlett Sullivan, and in their own right, and John D. Sullivan, commenced October 6, 1887. The opinion sufficiently states the case.

Messrs. *Irvine & Mooney* and *Wells & Orr*, for appellants.

Messrs. *R. C. Watts* and *Westmoreland & Haynsworth*, contra.

March 13, 1890.　The opinion of the court was delivered by

MR. JUSTICE McIVER.　The plaintiff, as one of the residuary legatees and devisees of the testator, Hewlett Sullivan, brought this action against the Latimers above named, as executors of said Hewlett Sullivan, as well as residuary legatees and devisees, and against John D. Sullivan, the other residuary legatee and devisee, for the purpose of obtaining a final settlement of the estate; and under allegations of mal-administration on the part of the executors, an injunction was asked for, restraining the executors from collecting the assets, &c., as well as the appointment of a receiver.　His honor, Judge Pressley, granted several orders, some of the provisions of which were subsequently modified by him, in the last order which he granted on the 12th of October, 1887, which contained the injunction previously granted, except as modified therein.　To this order the executors excepted, but in their notice expressly stated that such exceptions were taken "for the purpose of an appeal to the Supreme Court after the final hearing herein, if they should be so advised."

Other orders were subsequently granted by his honor, Judge Wallace, and his honor, Judge Norton; but as no appeal was taken therefrom and no exceptions taken thereto, until after the time limited for that purpose had expired, it is not necessary to state the terms of such orders further than to say that in the last order of Judge Norton, granted 2nd April, 1889, it was referred to the master, "to take testimony and report to this court whether the executors are performing the duties of their office; * * * that the executors do account before the master on said reference for all their actings and doings as such executors, up to the date of the holding of said reference, showing fully the condition of the estate of the testator, all amounts received and all amounts paid out by them; all claims established against the estate and all claims now in litigation; * * * that on said reference the plaintiff shall have the opportunity to surcharge said account; *

\* \* and that the master have leave to report any special matter."

In pursuance of this order, the master took a large amount of testimony, but finding, in the progress of his investigations, that he was disqualified from deciding any of the issues involved, by reason of the fact that he 'had been consulted as an attorney by some of the parties in regard to the matters involved before he was appointed master, he made no finding of fact or of law, and simply reporting the testimony and the accounts of the executors as prepared by him, asked to be relieved from passing upon any of the issues involved. Upon the testimony thus sent up by the master, the plaintiff applied to his honor, Judge Hudson, for the appointment of a receiver, who, on the 18th of June, 1889, granted an order refusing the motion, but without prejudice to the right of the plaintiff or any one of the parties identified in interest with him, to renew such motion upon the coming in of a full report.

In this order Judge Hudson, after stating that the master had misconceived the full scope of the order of Judge Norton, and therefore the testimony taken by him did not cover all the points necessary to be considered by the court in determining the questions involved, recommitted the case to L. K. Clyde, Esq., as special master (the master himself being disqualified), with directions "to take testimony and state the accounts of the executors up to the date of the reference, with a view to ascertain how the executors are discharging their duties; and the said special master is charged with the special duty of requiring the said executors, and each of them, to make proof and by competent testimony to establish before him their respective claims against the said Hewlett Sullivan, the deceased testator; and he will also take testimony as to the indebtedness of each of the said executors to the said deceased, if any there be, and by striking a balance ascertain and report to this court how much, if any, the deceased was, at the time of his death, indebted to each of the said executors. And the said master will have leave to report any special matter bearing upon the accounts of the executors." The order also contained this further clause: "The complaint seeks a full and final settlement and partition under the will, of the estate of Hewlett Sullivan, but several of the devisees and legatees named

in the will are not before the court," and therefore the plaintiff, at the earliest practicable day, was required to amend by making such devisees and legatees parties.

From this order, and from this order alone, the executors appeal, and rest their appeal upon the six exceptions set out in the record. As was announced at the hearing of this case, the court can only consider the appeal from Judge Hudson's order, not only for the reason that this is the only appeal which respondents have been notified to meet, but because there having been as yet no final decree, the exceptions to Judge Pressley's order cannot now be considered, especially when these exceptions were accompanied with a notice that they were taken "for the purpose of an appeal to the Supreme Court, after the final hearing herein, if they should be so advised." And as to the orders of Judge Wallace and Judge Norton, no appeal was taken therefrom, and if any exceptions were properly taken thereto, they could only be heard upon an appeal from the final decree.

We will confine our attention, therefore, entirely to the appeal from Judge Hudson's order. As it seems to us, that order really decides nothing whatever, except that a receiver could not be appointed under the testimony then before the court, and that the other devisees and legatees should be made parties, and there is no exception as to either of these points. The manifest purpose of the order, aside from the points mentioned, was simply to gather information upon which the court could afterwards determine the issues involved in the action. It did not purport to decide anything in regard to such issues, but only made provision for the taking of full testimony upon the various points involved. Inasmuch as the regular master had proved to be disqualified from performing the duties required of him by the order of Judge Norton, which has never yet been appealed from, it was necessary that a substitute should be provided; and that is really the only effect of Judge Hudson's order. except as to the two points above specified. Hence, as it seems to us, the only question presented by this appeal is that made by the sixth exception, for the first and second relate exclusively to Judge Pressley's order, the third to an order granted by Judge Norton, and the fourth and fifth to matter for which we find no foundation in the

"Case," though it is enough for the present to say that they have no relation to Judge Hudson's order.

The sixth exception is in the following language: "Because his honor, Judge Hudson, erred in referring the cause to the master, the issues being incomplete, in that the answers of the devisees and legatees under the will of Hewlett Sullivan, ordered to be made parties defendant, had not been filed." It might be sufficient to say that Judge Hudson's order, properly speaking, can scarcely be regarded as an order referring the cause to the master, but that it might be more properly characterized as an order to carry into effect the previous order of Judge Norton, from which there had been no appeal, which had become inefficient by reason of the accidental circumstance that the master had been ascertained to be disqualified from acting, and was a mere substitute of one agent for another to take the testimony necessary to enable the court to pass upon the issues involved.

It is contended, however, that an order of reference cannot be granted until all the parties in interest are before the court, and have an opportunity to be heard, and the cases of *Ex parte Maurice* (24 S. C., 173), and *Holladay* v. *Holladay* (27 S. C., 622, more fully reported in 3 S. E. Rep., 80), are cited to sustain this position, but we do not think that either of those cases go to the extent of holding the general proposition contended for. There can be no doubt that in the case of *Ex parte Maurice*, the order of reference was prematurely granted under the circumstances of that case; but it does not follow from the principles laid down in that case, that an order of reference can be granted in no case until all the persons who, in the progress of the cases, shall be ascertained to be necessary or proper parties, shall have been brought in. It may also be mentioned that in that case there was another and "more serious objection" to the order there appealed from, which manifestly had very considerable weight in conducting the court to the conclusion reached. In *Holladay* v. *Holladay* there was an oral demurrer to the complaint, which being overruled, notice of appeal was given, and this, under the case of *Elliott* v. *Pollitzer* (24 S. C., 81), stayed any further proceedings in the Circuit Court. But, in addition to this, the Code, section 293, expressly provides that in certain classes of cases

of which this was clearly one, the court may, without the consent of the parties, of its own motion, as was done here, refer a case to the master or a referee.    It seems to us, therefore, that the present appeal cannot be sustained.

The judgment of this court is, that the order of Judge Hudson be affirmed, without prejudice to the right of any of the parties, upon appeal from the final decree, to raise any question that may then be properly presented under the rules and practice regulating appeals.