19267

McMASTER v. FORD MOTOR COMPANY ET AL.

(103 S. E. 87.)

1. Monopolies—Acts of Automobile Company and Agents in Attempting to Restrict Use of Device Held Not Actionable Under Antitrust Law.—A complaint against an automobile manufacturing company alleging that plaintiff had invented a device to increase the axle distance between wheels of narrow gauge motor vehicles, that the company had forbidden its agents, who were plaintiff's natural customers, to handle plaintiff's device on pain of forfeiting their agency, and that the agents had agreed to comply with such requirement and had advised their customers not to use the device, and had threatened the guaranty under which their cars were sold if plaintiff's device should be attached thereto, *held* insufficient to show a cause of action under the Federal Antitrust Law (U. S. Comp. St., secs. 8820-8823, 8827-8830); the restraint of commerce being an incidental, and not the dominant, purpose of defendants' actions.

2. Courts—State Courts Have No Jurisdiction of Action Under Federal Antitrust Law.—State Courts have no jurisdiction of an original action under the Federal Antitrust Law (U. S. Comp. St., secs. 8820-8823, 8827-8830) to obtain the relief therein provided for under the rule, *"expressio unius est exclusio alterius."*

Before Memminger, J., Richland, Spring term, 1918. Reversed.

Action by Samuel B. McMaster against the Ford Motor Company and others.   From an order overruling a demurrer to plaintiff's complaint, defendants appeal.

*Messrs. Wm. Elliott, W. C. McLain* and *C. S. Monteith,* for appellants, submit: *The complaint herein states a cause of action entirely within the purview of the act of Congress of July 2, known as the Sherman Act:* 208 U. S. 274; 131 Fed. 82; 193 U. S. 38; 175 U. S. 211; 226 U. S. 20; 120 U. S. 120; 187 U. S. 622; 106 Fed. 38; 221 U. S. 418; 226 U. S. 525; 234 U. S. 500; 241 U. S. 257; 76 S. E. 513; 218 U. S. 601; 166 Fed. 251; 221 U. S. 1; 226 U. S. 61; 108 Fed. 909.   *A cause of action arising under, or entirely within the purview of, the act of Congress of July 2, 1890, is within the exclusive jurisdiction of the United States Courts:* 130 Fed. 633; 221 U. S. 1; 82 Federalist 4 Wall. (U. S.) 535; 93 U. S. 136; 204 U. S. 426; 202 U. S. 243; 215 U. S. 481; 222 U. S. 506; 222 U. S. 424; 164 N. Y. S. 626, and cases cited; 236 U. S. 165; 73 Ala. 390; 51 L. R. A. 151; 12 L. R. A. 725.

*Messrs. E. L. Craig, H. N. Edmunds* and *Mendel L. Smith,* for respondent.   *Mr. Craig* submits: *The unlawful interference with the business of another is actionable at common law:* 43 L. R. A. 801 (Ill. Sup. Ct.); 175 U. S. 241; 208 U. S., pp. 294-6; 8 Cyc., p. 650; 176 Ill. 608, 614; 8 Cyc., p. 651; 10 L. R. A. 184; 31 Neb. 411; 75 N. Y. App. Div. 145; 8 Cyc., p. 652; 25 S. W. 428; 8 Cyc. 653; (N. J.) 10 L. R. A. 184; 25 Cyc., p. 558; (Cal.) 13 L. R. A. 707. *The Sherman Act did not supersede the common law, but supplemented it:* 208 U. S. 294; 123 Minn. 47; L. R. A. 1915b, 1182 (Syllabus).   *The Sherman Act has not the remotest applicability to the case at bar:* 171 U. S. 518; 213 L. Ed. 290; 19 Sup. Ct. Rep. 40; 200 U. S. 179; 175 U. S. 211; 44 L. Ed. 136; 20 Supt. Ct. Rep. 25.

*Mr. Edmunds* submits: *The action is a common law action:* 162 Fed. 803, 817-20; 83 Fed. 912; 176 Ill. 608; 68 Am. Stat. Rep. 213; 52 N. J. Law 284; 10 L. R. A. 184; 111 U. S. 762; 165 U. S. 589; 221 U. S. 1-52-56. *The Federal statute does not take from one rights which he has at common law or under the statute law of the several States:* 221 U. S. 106; 87 S. C. 18. *The statute is in aid of common law:* Endlich on Interpretation of Statutes, secs. 3141-2 (Edition 1888). *Plaintiff did not invoke the benefits of the Sherman Act:* 152 U. S. 454; 155 U. S. 102; 155 U. S. 482; 155 U. S. 488; 16 L. R. A. 593. *As to the right of respondent to maintain this action:* 241 — 257; 177 Mass. 485, 487; 528 L. R. A. 115; 83 Am. St. Rep. 28; 59 N. E. 125. *Where a violent or malicious act is done to a man's occupation, profession or way of getting a livelihood, then an action lies in all cases:* Addison on Torts, sec. 22 (Wood's Edition).

*Messrs. Craig, Edmunds* and *M. L. Smith,* submit (on the motion for a rehearing, or a modification of the opinion filed): *That the opinion of the Court should be confined to the question raised by the appeal, and the decision limited to the question raised by the exceptions:* 90 S. C. 222; 110 S. C. 122. *The plaintiff would have the right to apply for leave to amend his complaint at any time before trial, to remedy any deficit in his pleading:* 81 S. C. 574; 80 S. C. 1; 80 S. C. 213; 82 S. C. 1; 85 S. C. 259; 90 S. C. 229; 91 S. C. 51; 101 S. C. 86.

May 19, 1920.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendants appeal from an order overruling their demurer to plaintiff's complaint. Plaintiff attempted to set up two causes of action for damages: In the first he alleges a

conspiracy to deprive him of his right to trade with the customary tradesmen (the agents of Ford Motor Company) for the marketing of his patented device for use on Ford cars.   In the second he charges defendants with slandering said device.   The complaint is too long and prolix in statement and contains too much unnecessary repetition to be reported.   We state the substance of it sufficiently to elucidate the points decided.

The action is against Ford Motor Company, a corporation of the State of Michigan, engaged in manufacturing and selling Ford cars throughout the United States, by and through its agents, each of whom is given exclusive rights in certain territory, and four of its agents so engaged in their respective States, to wit, Cuthbert Motor Company, a corporation of the State of Georgia; Universal Auto Company, a corporation of the State of North Carolina, and DuPre Auto Company, a corporation, and Shifley & Frith, a copartnership of this State.

Plaintiff alleges that he invented and patented a device by which the axle distance between the wheels of narrow gauge motor vehicles, which is 56 inches, can be increased so as to make it the same as that of broad gauge vehicles, which is 60 inches, and make the wheels of the former track in the ruts made in the roads by the latter, and thereby save much strain on the stearing gears and machinery of cars to which it is attached, without interfering with any part thereof, and add much to the safety and comfort of the driver and occupants thereof; that it is especially valuable and useful to the owners of narrow gauge cars in this and nine other Southern States named, in which the vehicles most used are broad gauge, and where, therefore, the ruts made by them in the roads are too wide apart for narrow gauge vehicles to follow in them; that Ford Motor Company manufactures narrow gauge cars exclusively, and sells a great number of them in this and the nine other States

named, by and through its agents, who are the natural and customary dealers to whom the owners of such cars apply for parts and devices suitable thereto, and, therefore, these agents afford the natural and practically the exclusive market for the sale of his invention, which is peculiarly suitable to Ford cars, and is known to the trade as "McMaster's broad gauge attachment for Ford cars;" that Ford Motor Company and the other defendants combined and conspired to deprive him of that market for his device, and did so, by the company requiring its agents to agree not to buy, sell, handle, or install his device on any of its cars, on pain of forfeiting their agencies, and by the agents agreeing to and complying with such requirement, and by their advising their customers against the use of it and condemning it, by threatening to cancel the guaranty under which said cars are sold if his device should be attached thereto.

The gist of the second cause of action that defendants combined and conspired to deprive plaintiff of the right to sell his invention to the individual owners of Ford cars who would have purchased it and accomplished that purpose by advising the purchasers of Ford cars not to install it thereon, and by threatening to cancel the warranty of said cars if it should be installed thereon; that they thereby condemned his invention as unfit for the purpose for which it was designed, and held him out as the manufacturer of a thing unfit for the purpose for which it was intended, which amounted to a slander of his invention and of himself as the manufacturer thereof; that all this was done with the malicious intent to injure him.

Defendants demurred on two grounds: First, that the complaint fails to state facts sufficient to constitute a cause of action under the Antitrust Act of Congress (U. S. Comp. St., secs. 8820-8823, 8827-8830) or at common law; and, second, because, if any cause of action is stated, it is

one solely under the act of Congress of which the State Courts have no jurisdiction.

The Court held that sufficient facts are alleged to constitute a cause of action under the Federal statute, and also at common law, and that the State Courts have jurisdiction of an action brought under the Federal statute, and overruled the demurrer.

The defendants' exceptions question only so much of the decision as holds that the facts alleged are sufficient to constitute a cause of action under the Federal statute, and that the State Courts have jurisdiction of such an action.

On hearing the appeal, we considered and decided all the grounds made by the demurrer. But the plaintiff filed a petition for a rehearing, or a modification of the opinion filed, on the ground that the question whether the complaint is sufficient to make out a cause of action at common law was not before us. That position is well taken, and our decision must be limited to the questions made by the exceptions. Therefore we have stricken out all of it, except so much as disposes of the two questions raised by the exceptions.

The facts alleged do not constitute a cause of action under the Federal statute. The contracts and combinations alleged and the conduct of defendants in pursuance thereof may remotely and indirectly interfere with, and incidentally result in restraining, plaintiff's trade in interstate commerce to some extent, but they do not come within the purview of the act of Congress, because such restraint is not the dominant purpose thereof, nor is it direct and substantial, nor is it unreasonable in law, since it is merely an incidental result of contracts and conduct which appear from the allegations of the complaint to be outside the scope of the act. We cite only a few of many cases in point. *Hopkins v. United States,* 171 U. S. 578, 19 Sup Ct. 40, 43 L. Ed. 290; *Bement v. National Harrow Co.,*

186 U. S. 70, 22 Sup. Ct. 747, 46 L. Ed. 1058; *Cincinnati Packing Co. v. Bay,* 200 U. S. 179, 26 Sup. Ct. 208, 50 L. Ed. 428; *Standard Oil Co. v. United States,* 221 U. S. 1, 31 Sup. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912d, 734; *Virtue v. Creamery Package Co.,* 227 U. S. 8, 33 Sup. Ct. 202, 57 L. Ed. 393; *Whitwell v. Continental Tobacco Co.,* 125 Fed. 454, 60 C. C. A. 290, 64 L. R. A. 689.

The State Courts have no jurisdiction of an original action brought under the act of Congress to obtain the relief therein provided for. No binding decision directly in point has been cited, but the conclusion stated is in harmony with the general principles that "Where a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes." *Farmers & Mechanics Bank v. Dearing,* 91 U. S. 29, 35, 23 L. Ed. 196.

The act provides for the administration of the remedies therein prescribed by the Federal Courts. While there are no words expressly excluding the jurisdiction of the State Courts, such exclusion is implied, on the principle of, *"expressio unius est exclusio alterius."* In *Wilder Mfg. Co. v. Corn Products Co.,* 236 U. S. 165, 174, 35 Sup. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916a, 118, the reasoning of the Court strongly favors the exclusive jurisdiction of the Federal Courts to administer the remedies provided by the statute. We do not mean that the State Courts would not have jurisdiction to give effect to the statute in some circumstances, as where the validity of contracts in violation thereof is drawn in question in actions of which they have jurisdiction to give relief other than that provided by the statute.

The judgment of this Court is that so much of the order appealed from as holding that the facts alleged in the com-

plaint are sufficient to constitute a cause of action under the Federal statute and that the State Courts have jurisdiction of such an action be reversed. The order staying the remittitur is revoked.

Reversed.