## 10729

### McMASTER v. FORD MOTOR CO. *ET AL.*

(115 S. E., 244)

1. APPEAL AND ERROR—DEFENDANTS NOT ESTOPPED FROM APPEALING FROM ORDER OVERRULING DEMURRER BY NOT HAVING CARRIED QUESTION UP WITH APPEAL TO JURISDICTION.—Where a complaint was demurred to on ground that it failed to state a cause of action under the Anti-Trust Law (U. S. Comp. St., §§ 8820–8823, 8827–8830) or at common law, and that, if any cause was stated, it was under the Act of Congress, and the State Courts had no jurisdiction, and defendants' counsel was honestly convinced that, if it stated a cause at all, it was under the act of Congress, defendants had the right to have that question alone decided, and cannot. be held to have waived the right to appeal from the order overruling demurrer on the question of the alleged action at common law by not carrying it up with the question of jurisdiction.

2. APPEAL AND ERROR—INTERMEDIATE ORDERS AFFECTING JUDGMENT REVIEWABLE ON APPEAL FROM FINAL JUDGMENT.—Where an order contained two distinct rulings, in response to two distinct grounds of demurrer to a complaint, one of jurisdictional nature and the other the matter of sufficiency of an alleged cause of action at common law, the fact that both rulings were included in the same order did not necessarily blend them into one, and so 'much of the order as involved the sufficiency of the action was intermediate in its nature and involved the merits of the case, and under Code Civ. Proc. 1912, § 11, Subd. (D) 1, was reviewable on appeal from final judgment as an order affecting judgment.

3. Torts—Act Done in Exercise of Legal Right not Actionable Because Malicious.—An act done in the exercise of a legal right cannot be treated as wrongful and actionable merely because a malicious motive prompted the exercise of the right.

4. Torts—One May Refuse to Contract With Another Without Incurring Liability for Resulting Damage.—The right to refuse to enter business relations with another is an absolute right, and one may refuse to contract with another without incurring liability for resulting damage, even though his refusal is prompted by intent to injure the other.

5. Torts—Patentee of Device for Automobile Could not Obtrude Scheme for Marketing Invention on Automobile Company Without its Consent.—An automobile company had the right to put its cars on the market as it pleased, and could refuse to warrant them when a device patented by plaintiff was installed thereon, and could require its agents to agree not to install or handle the device, and if damage resulted from its failure to deal with plaintiff, it was *damnum absque injuria,* since plaintiff had no legal right to deal with the company, or the public through it, and could not obtrude a scheme for marketing his invention on the company without its consent.

6. Pleading—Allegations of Conspiracy not Effective Where Facts Alleged Showed Defendants Were Within Rights.—Where an automobile company and its agents, in exercising their right to contract with each other, and refusing to contract with plaintiff to install and sell a device for increasing the axle width of automobile, did nothing unlawful or resorted to no unlawful means to accomplish their purpose, in plaintiff's action against them for depriving him of his market for the device, an allegation of conspiracy made no difference in the legal consequence.

Before Wilson, J., Richland, October, 1920.   Reversed.

Action by S. B. McMaster against Ford Motor Co. and others. Judgment for plaintiff and the Ford Motor Co. and Universal Auto Co. appeal.

For former appeal in this case see 114 S. C., 100; 103 S. E., 87.

*Messrs. Elliott & McLain, C. N. Sapp* and *C. S. Monteith,* for appellants, cite: *Act which if `done by one would not be actionable, will not be made actionable if done by several by agreement:* 24 How., 407; 37 L. R. A., 455; 58 L. R. A., 135; 91 N. Y. S., 185. *Effect of malice or bad*

*motive:* 62 L. R. A., 673; A. C. (1898), 1; A. C. (1892), 25; Cooley, Torts (2d. Ed.), 832, 836. *As to action taken in furtherance of trade:* 21 L. R. A. (N. S.), 550; 6 A. L. R., 909. *Evidence of former recommendation not admissible:* 77 S. C., 157; 61 S. C., 304. *Agency contract lawful:* 75 S. C., 378. *On the appeal from order settling case:* 110 S. C., 374; 108 S. C., 399; 110 S. C., 266; 110 S. C., 573.

*Messrs. H. N. Edmunds* and *Edward L. Craig,* for respondent, cite: *Questions which should have been made on former appeal will not now be considered:* 6 Rich. Eq., 320; Dud. Eq., 28; 17 S. C., 263; 26 S. C., 588; 32 S. C., 291; 43 S. C., 388; Code Proc. 1912, Sec. 395; 90 S. C., 232; 110 S. C., 122. *Exception must be made on ground stated:* 90 S. C., 513; 35 S. C., 609; 37 S. C., 572; 30 S. C., 529; 15 S. C., 58. *Reasoning of Judge not proper basis of exception:* 14 S. C., 286; 15 S. C., 58; 16 S. C., 351; 25 S. C., 525; 28 S. C., 606; 36 S. C., 368. *Law against unlawful restraints:* 87 S. C., 18; 111 U. S., 746; 165 U. S., 594; 84 S. C., 560; 11 East 574; 2 El. & Bl., 216; Ap. Cas., 495; 52 L. R. A., 115; 241 U. S., 257; 68 A. L. R., 202; 90 A. L. R., 126; 31 Am. Dec., 19; 107 Mass., 555; 53 N. J. Eq., 101; 62 Fed., 803; 52 N. J. L., 284; 10 L. R. A., 184; 83 Fed., 912; 195 U. S., 206; 38 Cyc., 519. *Recovery may be had against one member of a conspiracy:* 28 Atl., 669; 7 Hill, 104; 42 Hum., 154. *Combination in restraint of trade:* 220 U. S., 373. *Act, harmless when done by one, may become a public wrong when done in concert:* 217 U. S., 440; 1 B. R. C., 197. *Justifiable cause:* 35 L. R. A., 722.

October 10, 1921.    Rehearing denied January 2, 1923.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action against Ford Motor Company, a Michigan corporation, engaged in manufacturing and selling Ford cars

throughout the United States through agents who are grant-
ed exclusive rights in certain territories, and against four
of these agents, for $500,000.00 damages. The complaint
contains two alleged causes of action, but, in view of the
fact that the verdict was based upon the first cause of ac-
tion alone, the second cause of action need not be consid-
ered.

The first cause of action alleges, in substance, that the
plaintiff invented and patented a device, the application of
which to the ends of the axles of narrow-guage cars in-
creased the distance between the wheels from 56 to 60
inches, the effect of which was to allow the wheels of an
original narrow-guage car to track in the ruts made by
the broad or standard guage cars, thereby saving strain
on the steering gear and machinery, without interfering
with any part of the car and adding to safety and com-
fort; that it is especially valuable to the owner of narrow-
guage cars in this and nine other Southern States
named, in which the vehicles most in use are broad gauge;
that Ford Motor Company manufactures exclusively nar-
row-gauge cars, and sells a great number of them in said
States, through its agents, who afford practically the ex-
clusive market for the sale of the plaintiff's invention, which
is peculiarly suitable for Ford cars; that the Ford Company
and the other defendants combined and conspired to deprive
the plaintiff of the market for his device, and did so; that
to accomplish that purpose the company required its agents
to agree not to buy, sell, handle, or install the device on any
of its cars, on penalty of forfeiting their agencies, and that
the agents agreed to and complied with this requirement, ad-
vised their customers against the use of the device which
they condemned, and threatened to cancel the guaranty under
which the cars were sold if the device should be attached
thereto.

To this complaint the defendant demurred upon the
grounds:

17—S. C.—122

(1) That the complaint fails to state facts sufficient to constitute a cause of action under the Anti-Trust Act of Congress.

(2) That the complaint fails to state facts sufficient to constitute a cause of action at common law.

(3) That, if any cause of action be stated, it is one solely under the Act of Congress, of which the State Court has no jurisdiction.

The demurrer was heard by Judge Memminger, who filed an order overruling the demurrer. It is not clear from his order whether Judge Memminger intended to hold that the complaint stated a cause of action under the Anti-Trust Act (U. S. Comp. St., §§ 8820–8823, 8827–8830), or not; from his conclusion that the Federal Court did not have exclusive jurisdiction of the action, it may be inferred, however, that he intended to so hold. In reference to the cause of action at common law he expressed great doubt, and declares:

"Should I overrule it on the ground of jurisdiction, of course I could not pass upon this point." (Evidently intending to say "sustain," instead of "overrule.")

This Court, however, upon the former appeal in this case (114 S. C., 100; 103 S. E., 87), construed the order thus:

"The Court held that sufficient facts are alleged to constitute a cause of action under the Federal Statute, and also at common law, and that the State Courts have jurisdiction of an action brought under the Federal Statute, and overruled the demurrer."

The defendants appealed from Judge Memminger's order, serving the following notice:

"You will please take notice that the above-named defendants intend to appeal to the Supreme Court from the order of his Honor, R. W. Memminger, rendered March 28, 1918, overruling the demurrer heretofore interposed in the above-entitled action to the jurisdiction of this Court

over the subject of said action upon a 'case' and exceptions to be hereafter served upon you within the time allowed by law; saving and reserving all other questions properly arising upon said demurrer and the order overruling same."

And in their exceptions raised only the questions relating to the Anti-Trust Act and the jurisdiction of the State Court.

Upon the appeal, this Court, under the impression that the whole demurrer was up for review, reversed the order upon both grounds. The plaintiff filed a petition for a rehearing, and this action was taken upon it (quoting from the opinion in 114 S. C., at page 105; 103 S. E., at page 88):

"On hearing the appeal, we considered and decided all the grounds made by the demurrer. But the plaintiff filed a petition for a rehearing, or a modification of the opinion filed, on the ground that the question whether the complaint is sufficient to make out a cause of action at common law was not before us. That position is well taken, and our decision must be limited to the questions made by the exceptions. Therefore, we have stricken out all of it, except so much as disposes of the two questions raised by the exceptions."

The Court then proceeded to reverse the order in so far as it held that the action was one under the Act of Congress.

The case then came on for trial before Judge Wilson and a jury at October Court, 1920, and resulted in a verdict upon the first cause of action in favor of the plaintiff for $50,-000.00; $49,999.00 against the Ford Company, and $1.00 against the defendant, Universal Auto Company, as agent of the Ford Company, a North Carolina corporation. From judgment entered upon this verdict, the parties affected have appealed.

The respondent raises a question of pleading and practice which will be determined in the first instance. His contention is that, as the defendant

did not appeal from that portion of Judge Memminger's or-
der holding that the complaint stated a sufficient cause of
action at common law, they are concluded by it at all stages
of the case after it was remanded to the Circuit Court for
trial; that they cannot now appeal from it, and that it became
the law of the case so far as the motion for a nonsuit, the
motion for a directed verdict, and the requests to charge
were concerned.

If this Court is satisfied in reason and justice and law
that the complaint does not state a sufficient cause of action
at common law, that the plaintiff has no case, it will re-
quire stronger inducement than the authorities cited by the
respondent to secure the sanction of a judicial wrong upon
a technical point of this character. While, in the conception
of the Court, it is more conducive to the orderly and prompt
administration of justice that every question in a cause shall
be determined in one appeal after final judgment, this
Court does not sit as preceptors or critics of the bar, and
no one occupies a reprehensible position in exercising a
legal right. The responsibility for intelligent and effective
service to their clients is with the attorneys who represent
them, and they are entitled to exercise their judgment un-
trammeled by suggestions or criticisms from the bench, so
long as their activities are in harmony with the rules pre-
scribed by this Court.

It is assumed that counsel as reputable as those engaged
in this case for the defendants were honestly convinced of
the correctness of their position that the complaint stated a
cause of action, if any at all, under the Act of Congress,
and that for that reason the State Court was without juris-
diction. If that question should be decided in their favor,
the case would be ended so far as the State Court was con-
cerned, and the necessity of opening up the merits of the
case by demurrer upon the other ground would be unmoved.
They had a perfect right to have this question alone decided
by this Court, and cannot be held to have waived their right

to appeal from the other by not carrying it up with the question of jurisdiction.

The order of Judge Memminger contained two distinct rulings, in response to two distinct grounds of demurrer, one of jurisdictional nature, and the other, distinct from that, a matter of sufficiency of the alleged cause of action at common law. The fact that both rulings were included in the same order does not blend them necessarily into one; he may have issued a separate order for each. It was intermediate in its nature, involved the merits of the case, and under the express provisions of Section 11, Subdivision (D) 1, Code Civ. Proc. 1912, reviewable on appeal from the final judgment as an intermediate order or decree necessarily affecting the judgment. See *Hyatt v. McBurney,* 17 S. C., 150; *Lee v. Fowler,* 19 S. C., 607; *Thatcher v. Massey,* 20 S. C., 547; *Bomar v. R. Co.,* 30 S. C., 450; 9 S. E., 512; *Sullivan v. Latimer,* 32 S. C., 281; 10 S. E., 1071; *McCrady v. Jones,* 36 S. C., 136; 15 S. E., 430; *Wallace v. R. Co.,* 36 S. C., 599; 15 S. E., 452; *Morgan v. Smith,* 59 S. C., 49; 37 S. E., 44.

The conclusions of the late Justice Hydrick, who prepared that portion of the opinion upon the former appeal that was deleted, so fully conforms to our conclusions that we adopt it as our reasons for holding that the demurrer should have been sustained upon this ground as well as upon the other.

"The next question, then, is: Did plaintiff state a cause of action at common law? In answering that question, we must consider the correlative rights and duties of the parties with reference to the facts and circumstances alleged, in the light of the applicable principles of law, and particularly with reference to the allegations that the acts complained of were done with the malicious intent to injure plaintiff, and in consummation of a conspiracy between defendants to accomplish that purpose.

"The law does not pretend to give indemnity for every harm done. There are some things which it permits a man to do without the fear of consequences, though he may know that in doing them he will damage his neighbor. For instance, he may build on his own land so as to destroy his neighbor's view, or cut off his light and air, or he may set up a business in competition with him and ruin him. He may or may not intend to cause the damage. But his motives may not be questioned, the law regarding his right to do those things is superior to any right of his neighbor to prevent his doing them.

"While there is some difference of opinion, the weight of authority is in favor of the general proposition that an act done in the exercise of a legal right cannot be treated as wrongful and actionable merely because a malicious motive prompted the exercise of the right. The proposition is variously stated thus: 'Whatever a man has a legal right to do, he can do with impunity, regardless of his motives'; and, 'malicious motives make a bad case worse, but they cannot make that wrong which in its own essence is lawful.' See note on the subject under the case of *Passaic Print Works v. Ely & Walker Dry Goods Co.,* 105 Fed., 163; 44 C. C. A., 426; 62 L. R. A., 673, where many cases are collated and reviewed.

"It has been suggested that some apparent conflicts of opinion can be reconciled by observing the difference between absolute and qualified rights, and by limiting the general proposition above stated to the exercise of absolute rights. See note to *Globe, Etc., Co. v. Firemen's Fund Ins. Co.,* 29 L. R. A. (N. S.), 869. The suggestion is not without force, for unquestionably the law regards some rights as absolute and others as qualified. But the cases show that Courts and Judges have differed as to the quality of the same right, some holding it absolute, and others considering it as qualified by the circumstances in which it was exercised. And may not the same right be absolute in some circum-

stances and qualified in others? It would be difficult, if not impracticable, to make a fixed classification of rights, or to formulate any general rule to be applied in all cases, because of the great variety of rights which men enjoy in their intercourse with each other and the infinitely varying circumstances in which they are exercised. Therefore, while we approve the proposition above stated as a general rule, we are not prepared to hold that it is inflexible, and may not be modified by circumstances. It is sufficient for this case to say that the rights which defendants exercise are superior to any right of plaintiff to prevent the exercise thereof.

"At common law, liability for damages arises from breach of contract or breach of duty. No contract with defendants, or any of them, is alleged. On the contrary, plaintiff complains because none of them would enter into contractual relations with him. But in refusing to deal with him they violated no legal right of his, since they owed him no such duty. The fundamental conception of a contract is that it is an agreement, and that implies mutual consent. Therefore, the law allows one to determine for himself with whom he will contract; hence, one may refuse to contract with another or to buy or sell his goods without incurring liability for resulting damage, even though his refusal be prompted by the intent to injure the other. Cooley on Torts, 278. All authorities agree that the right to refuse to enter into business relations with another is an absolute right.

"It follows that Ford Motor Company has the right to put its cars on the market in such form and with such parts and attachments as it pleases, and to prevent any alteration or modification thereof, so long as it has any legal interest in them. It has the right, therefore, to refuse to allow plaintiff's device to be installed on them, and, consequently, the right to require its agents, as a condition of their employment, to agree that they will not buy, sell, handle, or install it upon them; and, as it may refuse to

warrant its cars at all, it may warrant them on condition that plaintiff's device shall not be used on them. In doing these things, the company exercised its own rights, which are superior to any rights of the plaintiff with regard to the things complained of, and if damage resulted therefrom to plaintiff it is *damnum absque injuria,* since he had no legal right to deal with the company, or with its agents, or with the public, through the company and its agents, without their consent. It follows also that plaintiff has no right to obtrude his scheme for the marketing of his invention upon the company, or its agents, without their consent.

"Nor does the allegation of conspiracy make any difference in the legal consequences, because, as we have seen, in exercising their right to contract with each other and to refuse to contract with plaintiff, defendants did nothing unlawful and resorted to no unlawful means to accomplish their purpose."

The other questions in the case need not, therefore, be considered.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.