23082. WOOTTEN *v.* BRASWELL.

 

DECIDED JANUARY 24, 1934.

*Clarke & Clarke,* for plaintiff in error.

*B. H. Burgess,* contra.

SUTTON, J. Plaintiff in error signed an attachment bond as surety. The property attached was released to the defendant in attachment. The attachment case went against the defendant therein, and thereafter an execution issued against the defendant and the surety on the dissolution bond. The execution was levied upon certain lands belonging to the surety on the bond, the plaintiff in error in this case. She interposed an affidavit of illegality, setting up that she was not liable on the dissolution bond, in that she was a married woman at the time she signed it. On the trial of the issue the affiant testified positively that she was a married woman at the time she signed the bond, but was living part from her husband. The only evidence to contradict this was the evidence of the plaintiff in attachment and the officer who took the dissolution bond, to the effect that when the affiant proposed to sign the bond she stated to them that she was a widow, and that relying upon this statement the officer allowed her to sign the bond as surety. The court charged the jury that the only issue in the case was whether the affiant was a married woman at the time she signed the bond. The jury found that she was not married when she signed the bond and so stated in the verdict. She moved for a new trial, the motion was overruled, and she excepted.

Applying the rulings stated in the foregoing headnotes, none of the grounds of the motion for new trial show error, and, the verdict being supported by the evidence, the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*