37208, 37209. HARGROVE *et al. v.* TANNER (two cases).

TOWNSEND, Judge. 1. Questions as to diligence, negligence, and proximate cause will not be decided by the courts as a matter of law except in clear and indisputable cases. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d 18).

2. Where it appears that the plaintiff driver, traveling in the right-hand or outer lane of a four-lane highway at a speed of approximately 45 miles per hour was forced by the emergency of the automobile immediately preceding her in the same lane of traffic coming to a sudden stop, to turn left and enter the inner or passing lane to avoid hitting the car ahead, it does not appear as a matter of law under all the facts alleged, that the plaintiff in so doing failed to exercise ordinary care for her own safety. See *Cone* v. *Davis,* 66 *Ga. App.* 229 (17 S. E. 2d 849).

3. Where it further appears that the plaintiff driver, before entering the inner traffic lane, signaled her intention to do so, and that the defendant driver was guilty of negligence per se in that he was operating a truck in excess of 55 miles per hour in violation of Code (Ann.) § 68-1626(3), a jury question is alleged as to whether the proximate cause of the collision was negligence on the part of the defendant driver due to excessive speed and failure to slow his vehicle down so as to avoid colliding with the plaintiff's automobile after an emergency in the road ahead forced the plaintiff driver to turn into the inner traffic lane. Issues regarding the contributory negligence, if any, of the plaintiff in following too closely the car ahead of her, and in turning into the inner traffic lane immediately ahead of the defendant, should also be left for jury determination if disclosed by the evidence on the trial of the case.

The trial court did not err in overruling the general demurrers to the petitions.

*Judgments affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 16, 1958.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiffs in error.

*Killebrew, McGahee & Plunkett, C. Wesley Killebrew,* contra.