## 41210. PIKE v. STAFFORD.

HALL, Judge. The defendant assigns error on the judgment of the trial court granting the plaintiff's motion for summary judgment, on the issue of liability only. *Held:*

The plaintiff's petition alleged that while the automobile he was driving was stopped at a "Yield" sign at the entrance to an expressway, the defendant negligently drove his automobile into the rear of the plaintiff's automobile. The defendant's answer alleged that the plaintiff's failure to exercise ordinary care for his own safety and to avoid the consequences of any negligence of the defendant caused or contributed to his injuries. When the trial court considered the motion for summary judgment it had before it the deposition of each party. The plaintiff testified that he had stopped about 20 feet from the Expressway for 30 or 40 seconds when the defendant came up behind and hit him. The defendant testified that he stopped behind the plaintiff; he was looking back over his left shoulder to assess the traffic coming on the Expressway, and as the traffic cleared he started his car and moved forward, and hit the back of the plaintiff's car; he did not know whether the plaintiff was standing still or moving slowly, but he assumed he had started—"I mean somewhere in my mind I must have thought there was some movement . . . of his car forward"; and he knew of nothing that the plaintiff did that caused the collision.

"The trial court's function in ruling on a motion for summary judgment is analogous to the function it performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408); *One In All Corp. v. Fulton Nat.*

*Bank,* 108 Ga. App. 142, 144 (132 SE2d 116)." *Standard Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574 (136 SE2d 505). "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193).

Our obligation in summary judgment cases is to construe the evidence in favor of the party opposing the motion and that party must be given the benefit of all reasonable doubts. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433).

It is true that " 'A leading vehicle has no absolute legal position superior to that of one following'. . . All the circumstances and conditions at the time and place including the conduct of other drivers, must be taken into account." *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258); *Davenport v. Robinson,* 109 Ga. App. 753, 755 (137 SE2d 380).

The evidence of the parties' actions in this case, however, shows negligence on the part of the defendant without contradiction and does not make a genuine issue on the pleaded defense of negligence on the part of the plaintiff. *Jackson v. Camp & Brown Produce Co.,* 92 Ga. App. 359, 362 (88 SE2d 540); *Gleason v. Rhodes Center Pharmacy,* 94 Ga. App. 439 (95 SE2d 293); *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519). The case of *Simpson v. Brand,* 108 Ga. App. 393 (133 SE2d 393), where, upon evidence authorizing a finding that the defendant made an error in judgment when she had a sensation that she was in a sudden emergency, the court held the issue of the defendant's negligence was for the jury, is not controlling in the present case.

The trial court did not err in granting the plaintiff's motion for summary judgment on the issue of liability only, leaving the issue of damages to the determination of the jury.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

Decided March 12, 1965.

*Smith, Swift, Currie, McGhee & Hancock, Glower W. Jones,* for plaintiff in error.

*Lokey & Bowden, Hamilton Lokey, McCord & Cooper,* contra.