42931. SUTHERLAND'S EGGS, INC. et al. v. BARBER.

ARGUED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 28, 1967.

*Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellants.
*Wall, Armstrong & Fuller, R. J. Armstrong,* for appellee.

QUILLIAN, Judge. "Questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury." *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). However, in the case sub judice the evidence disclosed that the plaintiff was completely free of any act of negligence. The defendant driver testified in part: that he was following the plaintiff's automobile at a distance of approximately "two car lengths" at a speed of 30 to 35 miles per hour; that as he started up the grade he "noticed the traffic begin to back up"; he saw the plaintiff's brake lights as his automobile was going up the grade; the plaintiff's automobile started to slow down as the defendant started up the grade; because the truck was loaded he had "to pick up a little bit"; just as he began "to top the hill" the plaintiff's automobile "had stopped" and he "hit" the brakes, but it was too late.

There was no evidence that the plaintiff made a sudden stop. The plaintiff's testimony was that: he did not slam on his brakes and skid to a stop; he had "learned to stay back and allow for such stops"; "as I was coming up the incline, I saw a collision up ahead of me, and—I saw one car hit another, and—then I saw the car that was directly in front of me, which was a Volkswagen, I saw that that lady was not going to be able to stop, so I applied my brakes, and I stopped behind her car; I really don't know how many feet back, but I was—quite a few feet back of her car, had not touched her car; and then—just after I had stopped, just a few seconds after I had stopped, I noticed headlights in my mirror, and they were (indicating) becoming brighter and brighter, and closer, I could tell that; and all of a sudden it hit me; Mr. Heard, in the Sutherland Egg truck, hit me, and—the next thing I knew, I had crossed the right hand lane of traffic—there was no car in that lane at the time—and it knocked me across that lane, over to the side, under the bridge, which was approximately—forty feet, I would say."

As in *Pike v. Stafford*, 111 Ga. App. 349 (141 SE2d 780), the evidence in the present case shows that while the plaintiff was not negligent the defendant's testimony revealed no legal reason or excuse for his failure to stop the truck he was driving prior to colliding with the rear of the plaintiff's automobile.

Nothing held herein is in conflict with *Malcom v. Malcolm*, 112 Ga. App. 151 (144 SE2d 188), where there was evidence that the plaintiff made a sudden stop.

The trial judge did not err in directing a verdict on the question of liability.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*