43783, 43784. MALONE et al. v. OTTINGER (two cases).

ARGUED JULY 1, 1968—DECIDED DECEMBER 5, 1968.

Haas, Dunaway, Shelfer & Haas, George A. Haas, Scott A. Ray, for appellants.

Hamilton Lokey, Gerald F. Handley, A. M. Risse, for appellees.

WHITMAN, Judge. ■ The motions by both plaintiffs to dismiss the appeals for failure of the defendants to file transcripts within the prescribed time are without merit. No court reporter's transcript was involved in either case. The depositions, affidavits, etc., necessary for the motions for summary judgment and necessary for the appeals were on file with the clerk of the trial court and a part of the record before the notices of appeal were filed. The delay in transmitting the record to this court was certified by the deputy clerk of the trial court as "due to the stress of work in this office and is no way the fault of either party."

■ The facts of the present case are similar to those in the case of Malcom v. Malcolm, 112 Ga. App. 151 (144 SE2d 188), wherein the grant of a summary judgment for the plaintiff on the issue of liability was held to be erroneous and was reversed. However, in that case there was evidence that the plaintiff, the lead car, stopped so suddenly that the defendant in the following car could not avoid the collision. In the present case the defendant has testified only that she did not know the car ahead of her had stopped. While the party opposing a motion for summary judgment is entitled to a liberal construction in his favor of the pleadings and evidence (McCarty v. National Life &c. Ins. Co., 107 Ga. App. 178 (129 SE2d 408)), the defendant's testimony that she did not know the plaintiffs' car had stopped can not be construed to mean that the plaintiffs' car stopped suddenly.

The case is controlled by Sutherland's Eggs, Inc. v. Barber, 116 Ga. App. 393 (157 SE2d 491), wherein it was held: "Where the evidence showed the plaintiff to be completely free of negligence and the defendant's testimony revealed no legal reason

or excuse for his failure to stop the vehicle he was driving prior to colliding with the rear of the plaintiff's automobile, the trial judge did not err in directing a verdict for the plaintiff on the question of liability." See also *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780), reaching the same result on a motion for summary judgment.

It was also established by the evidence that the automobile Mrs. Malone was driving was a family-purpose automobile and this point is not disputed on appeal.

■ *Code Ann.* § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 230) provides that a party's affidavits in opposition to a motion for summary judgment may be served *not later than one day before the hearing,* unless the court permits them to be served at some other time. We construe this to mean that an affidavit which shows on its face it had been served on the day of the hearing can not be considered as evidence on the hearing unless accompanied by something in the record, such as an order of court, showing that the court has exercised its discretion and allowed the affidavit to be served. Defendant Mrs. Malone stated in an affidavit, among other things, that the plaintiffs' car stopped suddenly and without warning. However, this affidavit shows on its face that it was filed in open court on the day of the hearing. This affidavit was barred by the statute from consideration as evidence. We find nothing in the record allowing its service by the court. The trial court could not consider it in making its determination; nor can this court. See also in this connection *Code Ann.* § 81A-156 (c) in relation to motions for summary judgment wherein it is provided, *inter alia,* "the adverse party *prior to the day of hearing* may *serve* opposing affidavits." (Emphasis supplied).

There was no error in granting the motion for summary judgment on liability in each case.

*Judgments affirmed. Felton, C. J., concurs. Eberhardt, J., concurs in the judgment.*