44987.   HARPER v. PLUNKETT.

SUBMITTED JANUARY 12, 1970—DECIDED MAY 26, 1970—
REHEARING DENIED JUNE 18, 1970.

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant.
*Noland & Coney, John L. Coney,* for appellee.

EVANS, Judge. The evidence shows defendant's automobile was following the car in which the plaintiff was riding and that the line of traffic ahead stopped suddenly, causing the car plaintiff was in to stop suddenly, and defendant misjudged the distance between the cars and ran into the rear of the preceding automobile.

Evidence was adduced from the defendant, while his deposition

was being taken, that he made an admission against interest at the scene of the collision to the policeman, to the effect that the collision was his fault.

The question of negligence should have been submitted to a jury. It has been held time and again that all questions of negligence are for the jury's determination except in plain and palpable cases. *Parker v. Johnson,* 97 Ga. App. 261 (1) (102 SE2d 917); *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726), and cit. It is true that *Code Ann.* § 68-1626(a) (Ga. L. 1953, Nov. Sess., pp. 556, 577; as last amended by Ga. L. 1968, pp. 1427, 1428, 1429) provides that "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." But in construing this statute, our appellate courts have held that no absolute duty is imposed upon the driver of a following vehicle to avoid colliding with the automobile immediately ahead of him, by the control of speed or otherwise, but that all the facts and circumstances are to be taken into consideration so it may be determined where the negligence lies. *Underwood v. Atlanta & W. P. R. Co.,* 106 Ga. App. 467 (127 SE2d 318); *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755); *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258).

In *Malcom v. Malcolm,* 112 Ga. App. 151, 155 (144 SE2d 188), the trial court had granted summary judgment in favor of the driver of the leading vehicle, and this court reversed and held: "As pointed out in *Flanigan v. Reville,* 107 Ga. App. 382, supra, neither *Code Ann.* § 68-1641, nor *Code Ann.* § 68-1626, 'nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place including the conduct of other drivers must be taken into account.' The court thus held in that case that it was not abstractly incorrect to charge the jury that: 'A leading vehicle has no absolute legal position superior to that of one following.' In *Hay v. Carter,* 94 Ga. App. 382, 384, supra, this court quoted from Cardell v. Tennessee Electric Power Co., 79 F2d 934, 936, as follows: 'All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle

has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both in front and those behind him.' This court held in the *Hay* case, supra, that: 'It follows that the mere fact that one vehicle is struck in its rear, while another is not struck, is not sufficient to fix liability on the driver of either vehicle.' And in the *Hargrove* case, supra, [*Hargrove v. Tanner*, 98 Ga. App. 16 (104 SE2d 665)] it was specifically pointed out that the issue of whether one of the parties was following too closely should be left to the jury.

"Nor was the defendant precluded as a matter of law from having the issue of his negligence determined by a jury because of his plea of guilty in traffic court to the charge of following too closely. 'The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this kind, a plea of guilty may be shown as an admission against interest.' *Akin v. Randolph Motors, Inc.*, 95 Ga. App. 841, 848 (99 SE2d 358). Such admission, however, 'is only a circumstance to be considered along with all the other evidence in the civil action for damages,' and is not conclusive of the fact that the defendant was negligent. *Roper v. Scott*, 77 Ga. App. 120, 124 (48 SE2d 118). See *Dixon v. Cassels Co.*, 34 Ga. App. 478 (130 SE 75); Green, Georgia Law of Evidence, § 238, p. 526."

To the same effect, see *Thomason v. Willingham*, 118 Ga. App. 821, 823 (165 SE2d 865). Further, the admission, under *Code* § 38-420, must be scanned with care, and as evidence, it is the duty of the jury alone to weigh it. *Smith v. Page*, 72 Ga. 539, 544; *Phoenix Ins. Co. v. Gray*, 113 Ga. 424 (2) (38 SE 992); *Central of Ga. R. Co. v. Moseley*, 112 Ga. 914 (3) (38 SE 350); *Hobbs v. New England Ins. Co.*, 212 Ga. 513, 519 (93 SE2d 653); *Wootten v. Braswell*, 48 Ga. App. 312 (2) (172 SE 679); *Rentz v. Collins*, 51 Ga. App. 782 (2) (181 SE 678); *Wade v. Drinkard*, 76 Ga. App. 159 (5) (45 SE2d 231).

*Malone v. Ottinger*, 118 Ga. App. 778 (165 SE2d 660) cited by

the appellant, is readily distinguished because at page 781 it is made plain that there was no evidence to show the plaintiff's car stopped suddenly. In *Pike v. Stafford*, 111 Ga. App. 349 (141 SE2d 780), also cited in appellant's brief, it was shown the defendant was "looking back over his left shoulder," and such conduct has ·been characterized as gross negligence many times by the appellate courts of Georgia. See *Smith v. Hodges*, 44 Ga. App. 318, 321 (161 SE 284); *Jordan v. Lee*, 51 Ga. App. 99 (3) (179 SE 739). *Sutherland's Eggs, Inc. v. Barber*, 116 Ga. App. 393 (157 SE2d 491) also cited, shows, "There was no evidence the plaintiff made a sudden stop." P. 394. Thus the cases relied upon do not appear to be authority to reverse ·the judgment, and as the burden is on the moving party to establish the lack of a genuine issue of fact and the right to a· judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant, and the party opposing the motion being entitled to all reasonable doubts in determining whether a genuine issue exists—including the benefit of all favorable inferences—the motion for summary judgment was properly denied.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Pannell and Quillian, JJ., concur. Whitman, J., concurs in the judgment only. Deen, J., dissents.*

DEEN, Judge, dissenting. It appears without dispute that the defendant's automobile was following the car in which plaintiff was riding in a line of heavy traffic on an expressway within the city limits of Atlanta at a reasonable speed. The defendant saw the tail lights of several cars ahead in the line of traffic go on and understood that they were all slowing down or stopping. The car ahead of plaintiff's car stopped, as also did the automobile in which the plaintiff was riding. Defendant hit the car ahead of him. All cars ahead of and behind the defendant's car stopped without incident; defendant admitted at the scene that it was his fault, that he had plenty of room to stop but misjudged the distance, and that no mechanical difficulty prevented him from stopping. Under these circumstances I see no issue of fact remaining and would grant summary judgment for the plaintiff as to liability.