## 47623. JOHNSON v. CURENTON.

ARGUED NOVEMBER 8, 1972—DECIDED DECEMBER 1, 1972.

*Kelly, Champion, Denney & Pease, John W. Denney,* for appellant.

*Billy E. Moore,* for appellee.

CLARK, Judge. For determination here is the comparatively unusual situation of a trial judge having directed a verdict for plaintiff as to liability in a personal injury suit by a passenger in the lead automobile of a rear-end collision against the driver of the following car. Such limited verdicts with fixing of amounts of damages, if any, left to the jury, have been upheld by this court. See *Sutherland's Eggs, Inc. v. Barber,* 116 Ga. App. 393 (157 SE2d 491) and *Rosenfeld v. Young,* 117 Ga. App. 35 (1) (159 SE2d 447), where both headnotes state the principle that, "The evidence having shown that the plaintiff was completely free of negligence and defendant's testimony having revealed no legal reason or excuse for his failure to avoid colliding with the rear of the plaintiff's automobile, the trial judge did not err in directing a verdict for the plaintiff on the question of liability." See also *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780) and *Malone v. Ottinger,* 118 Ga. App. 778 (165

SE2d 660), where summary judgment motions in rear-end cases were affirmed in accordance with this principle.

Defendant below as the appellant contends the evidence here takes the case out of those authorities and within the usual ambit of jury determination. In support are cited those cases which hold that the evidence must be construed most favorably to the party against whom the verdict was directed (*Whitaker v. Paden,* 78 Ga. App. 145 (1) (50 SE2d 774); *Williams v. Slusser,* 104 Ga. App. 412 (2) (121 SE2d 796); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); and *Misfeldt v. Hospital Authority &c. of Marietta,* 101 Ga. App. 579 (115 SE 244)). The philosophy and mandate derived from those citations are condensed in *Georgia Power Co. v. Owens,* 124 Ga. App. 660, 665 (186 SE2d 294) in these words: "The directing of a verdict, or granting a motion for judgment notwithstanding the verdict, is a very, very grave matter. By such act, the case is taken away from the jury, and the court substitutes its own judgment for the combined judgment of the twelve men good and true, and ends the case without another trial. Such act declares that there is no conflict in the evidence, and that all deductions and inferences from the evidence introduced demand a particular verdict."

Recognizing the validity of these cases and particularly the instructive language just quoted, we nevertheless are constrained from a review of the trial transcript to conclude that the trial judge here ruled correctly.

Testimony came from the investigating police officer, the plaintiff, her husband who drove the lead vehicle in which she was riding, and from defendant. The defendant's own testimony concerning the collision was not only vague and equivocal but contradictory. We quote the following: "I hit my brakes, and I thought my brakes failed. I don't know whe'er [sic] I missed my brakes, or my brakes didn't catch, ... or either I missed my brakes." (T., p. 133) "I really don't know what distance it was, but I know, when I hit my brakes, and he stopped, I know I was too close on him to avoid it." (T., p. 134) "I don't know what caused him

to stop, but he stopped on ahead of me, and then I, you know, went to trying to miss hitting him . . . not to hit him, and I hit my brakes. That's all I know. If he didn't stop, he slowed up mighty slow." (T., p. 135) Moreover, the police officer found there was nothing wrong with the brakes and defendant made statements at the scene concerning her regrets which were detrimental to her although she denied them to be an express acknowledgment of fault.

Most significant was defendant's plea of guilty in traffic court to a charge of following too closely. Standing alone this guilty plea would not be sufficient to preclude submission of negligence to the jury as it "is only a circumstance to be considered along with all the other evidence in the civil action for damages" (*Roper v. Scott,* 77 Ga. App. 120, 124 (48 SE2d 118)) and therefore is not conclusive of the fact that defendant was negligent. Nevertheless, cumulative to the other evidence, this "admission against interest" (*Akin v. Randolph Motors, Inc.,* 95 Ga. App. 841, 848 (99 SE2d 358)) was the "straw" sufficient to authorize the court to direct a limited verdict as to liability.

Appellant's able advocate contends the case here is controlled by the rulings of this court in *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187) and *Roesler v. Etheridge,* 125 Ga. App. 358 (187 SE2d 572). Both of these cases involved rear-end collisions including a plea of guilty to a traffic charge by the defendant in each instance. There are sufficient factual differences between the case at bar and these two cases for us to hold that they are not analogous to the case sub judice. We prefer however to differentiate these two cases because they involved summary judgment motions, whereas here we are passing upon a directed verdict. In dealing with summary judgments the rule[1] concerning construction of a party's testimony is to adopt that construction favorable to the opposing party where the con-

---

[1]An interesting summary of the history of competency of parties litigant to testify appears in *Chandler v. Gately,* 119 Ga. App. 513, 519 et seq. (167 SE2d 697).

flicting testimony comes from a litigant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) s.c., 124 Ga. App. 65 (183 SE2d 78); *Whittle v. Johnston,* 124 Ga. App. 785 (186 SE2d 129); *Mathis v. R. H. Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122); *Columbia Drug Co. v. Cook,* 127 Ga. App. 490. This rule differs in consideration of a directed verdict where the principle that governs is: "The testimony of a party litigant which is inconclusive and ambiguous must, even as against a directed verdict, be construed more strongly against her. *Farmers Peanut Co. v. Zimmerman &c. Co.,* 52 Ga. App. 265 (4) (183 SE 115)." *Barrow v. James,* 107 Ga. App. 377 (2) (130 SE2d 352). It is a truism frequently expressed that the denial of a motion for summary judgment should be granted where under the same facts a verdict should be directed.

This general principle concerning adverse construction of a litigant's equivocal and contradictory testimony clearly applies on consideration of a directed verdict where the sole evidence on the essential elements submitted by a party is that party's own testimony. *Western & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494); *Southern R. Co. v. Hobbs,* 121 Ga. 428 (49 SE 294); *Southern R. v. Frazier,* 40 Ga. App. 364 (1) (149 SE 425); *Western & A. R. v. Mathis,* 63 Ga. App. 172, 177 (10 SE2d 457).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*