50217. ATLANTA COCA-COLA BOTTLING COMPANY et al. v. JONES.

PANNELL, Presiding Judge.

In this negligence case, involving a rear-end collision, defendants Atlanta Coca-Cola Bottling

Company (hereinafter referred to as "company") and Jerry Lee Byrd (hereinafter referred to as "driver") assign error upon the trial court's directed verdict for the plaintiff on the issue of liability, the jury's verdict for the plaintiff in the amount of $35,000, and the trial court's overruling of defendant's motion for a new trial on various grounds.

The circumstances surrounding the collision were described by the plaintiff and witness Baxter. Defendants' truck was traveling about one and one-half or two car lengths behind plaintiff's vehicle in the left-hand lane of a three-lane expressway. Both vehicles were going approximately 55 miles per hour when a truck in the opposite lane struck the guard rail, sending a large metal object across the highway and in front of plaintiff's vehicle. Plaintiff took his foot off the gas pedal and was then struck from the rear by defendants' truck. Defendant-driver received a citation for following too closely and subsequently pleaded guilty to this charge in traffic court. Company admitted the agency relationship in its pleadings and defendants presented no evidence at trial. *Held:*

1. Defendants assert that plaintiff's motion for a directed verdict was improvidently granted, in that factual issues remained concerning defendant-driver's negligence, plaintiff's contributory negligence, and defendants' pleaded defenses of unavoidable accident and sudden emergency. While questions concerning negligence "are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases" (*Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193)), nevertheless where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a). We look then to the pleadings and to the evidence presented thereon in determining the soundness of the lower court's ruling.

Was there any evidence from which the jury might reasonably have concluded that defendant-driver was not negligent? From plaintiff's testimony concerning the

speed at which he was traveling and the distance at which the Coca-Cola truck was following, the jury could only have concluded that defendant-driver was negligent in following too closely. In addition, driver's plea of guilty to the charge of following too closely, Section 63(a) of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 585; Code Ann. § 68-1641, repealed by Ga. L. 1974, pp. 633, 691, but in effect for the purpose of this case) operates as an "admission against interest" and is a significant factor in determining negligence. See *Johnson v. Curenton,* 127 Ga. App. 687, 689 (195 SE2d 279).

In arguing that its negligence was not conclusively shown, defendants rely upon witness Baxter's testimony that the Coca-Cola truck "was in good stopping distance." This statement, however, was in response to a question concerning the relative distances of the two vehicles at the time when the witness first saw the truck. Even if we assume that this statement relates to that time immediately preceding the collision, it merely suggests an alternative theory of defendant-driver's negligence. See Code Ann. § 68-1626.

"If, considering all the surroundings and accompanying circumstances, an event is such as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence." *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519). Since the defendant-driver offered no legal reason or excuse for his failure to avoid colliding with the rear of plaintiff's vehicle, no factual issue remained with respect to his negligence.

Was there any evidence from which the jury might reasonably have concluded that plaintiff was contributorily negligent? Defendants rely upon Section 69 (c) of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 587; Code Ann. § 68-1647 (c), repealed by Ga. L. 1974, pp. 633, 691, but in effect for the purposes of this case), which provides that, "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the

manner provided herein to the driver of any vehicle immediately to the rear *when there is opportunity to give such signal.*" (Emphasis supplied.) While the evidence indicates that plaintiff did "suddenly decrease" the speed of his vehicle, there is nothing to indicate that he had any opportunity to give the appropriate signal. To the contrary, the record clearly shows that a large metal object "suddenly" flew in his path.

Defendants further argue that the jury may have inferred contributory negligence based upon the provisions of Section 55 (b) of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 581; Code Ann. § 68-1633 (b), repealed by Ga. L. 1974, pp. 633, 691, but in effect for the purposes of this case). This Section provides that "any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic. . ." There was no evidence tending to show that plaintiff's speed of 55 miles per hour was in any way "less than the normal speed of traffic"; nor does the record disclose that the lanes to his right were "then available." Defendants' reliance upon this statute is therefore misplaced.

The cases relied upon by defendants' counsel are distinguishable from the factual situation presented herein. In *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755), the pleadings presented a question of fact as to whether the collision was caused by defendant's negligence in striking the rear of plaintiff's car or by plaintiff's negligence in suddenly stopping his vehicle without warning and for no apparent reason. Since the record was "entirely silent as to the cause of the collision," a new trial was required. In *Hargrove v. Tanner,* 98 Ga. App. 16 (104 SE2d 665), there was evidence showing that plaintiff, prior to being hit from the rear by defendant, was negligently driving too close to the cars in front of him and was therefore forced to quickly change lanes in order to avoid hitting the car ahead. *Thomason v. Willingham,* 118 Ga. App. 821, 823 (165 SE2d 865) involved an erroneous jury charge which placed "an absolute duty on the motorist to stop or be able to stop under any and all circumstances, when the true rule is that he is required to

exercise ordinary care and drive his vehicle in the manner of an ordinarily prudent man." *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187), is not controlling since there the evidence showed that the plaintiff may have been negligent in following too closely and in stopping his car suddenly prior to being hit from the rear by defendant. *Cravey v. J. S. Gainer &c. Co.,* 128 Ga. App. 465 (197 SE2d 171) is also clearly distinguishable, since a question of fact remained concerning the defendant-employer's liability for the acts of its agent.

The issue presented here by defendants is controlled rather by the principles enunciated in *Sutherland's Eggs, Inc. v. Barber,* 116 Ga. App. 393 (157 SE2d 491). In a factual setting similar to the case sub judice, this court, noting that there was no evidence that the plaintiff made a sudden stop, affirmed the trial court's directed verdict on the question of liability. "As in *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780), the evidence in the present case shows that while the plaintiff was not negligent the defendant's testimony revealed no legal reason or excuse for his failure to stop the truck he was driving prior to colliding with the rear of the plaintiff's automobile." *Sutherland's Eggs, Inc. v. Barber,* 116 Ga. App. 393, 394, supra. Since no evidence was presented from which the jury might reasonably have concluded that plaintiff herein was contributorily negligent, no issue of comparative negligence remained. See *Jackson v. Camp & Brown Produce Co.,* 92 Ga. App. 359 (88 SE2d 540); *Gleason v. Rhodes Center Pharmacy, Inc.,* 94 Ga. App. 439 (95 SE2d 293). "The evidence of the parties' actions in this case, however, shows negligence on the part of the defendant without contradiction and does not make a genuine issue on the pleaded defense of negligence on the part of the plaintiff." *Pike v. Stafford,* 111 Ga. App. 349, supra. See also *Rosenfeld v. Young,* 117 Ga. App. 35 (159 SE2d 447); *Glaze v. Bailey,* 130 Ga. App. 189 (202 SE2d 708).

Left to be considered are defendants' pleaded defenses of unavoidable accident and sudden emergency. "The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but

is a mere casualty due to the negligence of no one." *Harper v. Hall,* 76 Ga. App. 441 (46 SE2d 201). Since the evidence clearly showed the collision to have been caused by defendant-driver's negligence in following too closely, the defense of accident is unsupported by the record and without merit. See *Cartey v. Smith,* 105 Ga. App. 809 (125 SE2d 723).

Defendants' defense of sudden emergency is likewise without merit. The doctrine of emergency "refers only to those acts, either of the plaintiff or the defendant, which occur immediately following the realization of the peril or crisis and before there is time for mature reflection." *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923). While the plaintiff may well have used this doctrine to justify its acts in reacting to the presence of the metal object flung in its path, the defendant-driver could not utilize this rule, since his negligent activity had been previously commenced. See *Clacker v. Barnwell,* 83 Ga. App. 515 (64 SE2d 384); *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747).

Since the evidence unequivocally showed defendant-driver to be negligent and since none of the defenses offered raised a genuine issue of fact, we hold that the trial court's grant of plaintiff's motion for a directed verdict on the issue of liability was proper.

2. Defendants assert that the trial court erred in permitting plaintiff to amend his complaint with respect to damages on the day of the trial. Our Civil Practice Act allows a party to amend his pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Code Ann. § 81A-115 (a). Plaintiff's amendment involved only the amount of damages, and defendants have failed to demonstrate how they might have been prejudiced or burdened in their defense by its allowance. No motion for a continuance was made and defendants proceeded to trial without objection. Under these circumstances, we cannot say that the trial court abused its discretion in permitting plaintiff to amend his complaint.

3. Defendants assert that the jury's verdict in the amount of $35,000 is not based upon sufficient medical testimony and is so excessive as to suggest mistake,

prejudice, and undue bias by the jury. We cannot agree. Plaintiff presented extensive testimony from four doctors, each of whom was thoroughly cross examined by defendants' counsel concerning the nature and severity of plaintiff's injuries. Their testimony indicated that plaintiff's back injury was of a serious nature, that further medical treatment including hospitalization would be required, that the injury was accompanied by severe pain and suffering, and that the injury might be permanent. Plaintiff also testified as to his injuries, his pain and suffering, and his inability to perform physical tasks which he was able to perform prior to the collision with defendants' truck.

On appeal the evidence is to be construed to sustain, rather than to destroy the verdict, for every presumption and inference is in its favor. *Y. M. C. A. v. Bailey,* 112 Ga. App. 684 (146 SE2d 324); *Dodd v. Newton,* 122 Ga. App. 720 (2) (178 SE2d 567). "The amount of damages to be assessed for pain and suffering is governed by no standard save that of the enlightened conscience of the jurors." *Maloy v. Dixon,* 127 Ga. App. 151, 165 (193 SE2d 19). And see *Graham v. Clark,* 14 Ga. App. 825 (152 SE2d 789), wherein compensation for future and permanent pain and suffering was held to be authorized where supported by the record. Plaintiff's prospective medical expenses offered an additional basis for recovery under the evidence presented. See *Bennett v. Haley,* 132 Ga. App. 512 (208 SE2d 302). The verdict of the jury was amply supported by the evidence and this court will not disturb it.

Defendants' remaining enumerations of error are without merit.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED JUNE 18, 1975 — REHEARING DENIED JULY 9, 1975 — 

*Hurt, Richardson, Garner & Todd, T. Cullen Gilliland, J. Robert Persons,* for appellants.

*Rich, Bass, Kidd & Witcher, Casper Rich,* for appellee.