## 50737. TROTTER et al. v. PEET et al.

PANNELL, Presiding Judge.

Plaintiffs brought a wrongful death action alleging that defendant Peet, agent of defendant Hobart Corporation, negligently drove his automobile into a car occupied by plaintiffs' son, thereby causing the son's death. A jury trial was held, and at the close of plaintiffs' evidence, the trial judge granted defendants' motion for directed verdict. Plaintiffs allege error in the granting of a directed verdict.

The evidence showed that on the evening of January 9, 1973, defendant Peet was proceeding north in his automobile on Interstate 75. According to defendant's testimony, it was dark; a combination of sleet and rain was falling; there was a two-inch accumulation of loose sleet on the highway; and visibility was about as "bad as it could get." Defendant estimated that he was traveling

about 35-40 miles per hour when he first saw a black, unlit Mercedes sitting perpendicular in his lane about 20 to 30 feet in front of him. Defendant applied his brakes, but hit the Mercedes in the right rear.

The body of plaintiffs' son was found in the Mercedes lying face down with his face buried into the back seat and his feet over the front. The victim had suffered severe head injuries, causing his death. A doctor testified that the fatal injuries could have been caused in an automobile collision, and that the injuries could be compatible with the extent of damage to the Mercedes caused by defendant's car.

Just minutes before the accident, officers had seen a truck towing the Mercedes in the right-hand lane of Interstate 75. Somehow, a few minutes later, the front bumper broke away from the Mercedes. The car apparently then traveled into the left-hand lane, where it was first viewed by defendant Peet. The evidence does not disclose exactly how the Mercedes got into the path of Peet, nor how long it had been there before Peet saw it. Peet testified that the bumper was torn loose from the Mercedes in an earlier "accident" but there was no other testimony regarding an earlier "accident." The officers investigating the present collision found the truck, which had been towing the Mercedes, in the emergency lane of North Interstate 75, headed south. The front bumper of the Mercedes was attached to the tow bar of the pick-up truck.

Plaintiffs contend that the court erred in directing a verdict for defendants since the evidence would authorize a jury's finding that defendant Peet was negligent in either (a) driving too fast for conditions or (b) failing to keep a proper look-out; that defendant's negligence proximately caused, or partly proximately caused, the collision; and that the death of plaintiffs' son resulted from said collision. Appellants contend that there was no evidence of any conduct which could be construed as negligence on the part of defendant Peet.

"It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct

alleged is susceptible of but one inference that it becomes a question of law for the court to determine." *Smith v. American Oil Co.,* 77 Ga. App. 463, 491 (49 SE2d 90). Where the minds of reasonable men may disagree as to whether an act alleged to be negligence is in fact negligence, and where reasonable minds may disagree as to whether the negligent acts were the proximate cause of an injury, these questions should go to a jury for decision. *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747). "Questions as to diligence, negligence and proximate cause will not be decided by the courts as a matter of law except in clear and indisputable cases." *Hargrove v. Tanner,* 98 Ga. App. 16 (104 SE2d 665). We cannot find that this case is "clear and indisputable" as to the issues of defendants' negligence and whether defendants' negligence proximately caused the collision and the death of plaintiffs' son.

Georgia law provides that no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended (Code Ann. § 68-1626 (a)). In the present case, a substantial issue was raised as to whether the defendant Peet was negligent in driving his vehicle at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards existing at the time and place of the collision. A jury would be authorized to find that 35-40 miles per hour was excessive when it was dark, sleet and rain were falling, there was a two inch accumulation of loose sleet on the highway, and visibility was about as "bad as it could get." Further, the jury could find that defendant was negligent in failing to keep a proper lookout in that he did not see the Mercedes until it was only 20-30 feet in front of him. Although the evidence might also support the hypothesis that the Mercedes suddenly swung into defendant's path, it does not demand such a conclusion;

accordingly, the question was for the jury's determination.

The jury would also be authorized to find that defendant's excessive speed and/or failure to keep a proper lookout proximately caused, or partly proximately caused, the collision. See *Hargrove v. Tanner,* 98 Ga. App. 16, supra; *Jones v. Parrott,* 111 Ga. App. 750, 752 (143 SE2d 393). Any questions regarding contributory negligence of plaintiffs' decedent were for the jury's determination. See *Hargrove v. Tanner,* supra. If plaintiffs' decedent was negligent in a lesser degree than defendant, there could be recovery, but the damages would be diminished by the jury in proportion to the amount of negligence attributable to plaintiffs' decedent. See *Smith v. American Oil Co.,* 77 Ga. App. 463, supra.

Finally, a jury would be authorized to find, based on the facts and the medical opinion evidence, that the victim's death resulted from the collision with defendant's car. If the evidence reasonably establishes the plaintiffs' theory it must be submitted to the jury for deciding whether the evidence preponderates to that theory or some other. See *McCarty v. Nat. Life &c. Co.,* 107 Ga. App. 178, 181 (129 SE2d 408).

In that the evidence did not *demand* a finding for defendants, it was error to grant defendants' motion for directed verdict.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MAY 28, 1975 — DECIDED SEPTEMBER 2, 1975.

*Tyson E. Baisden, Jr., Hugh G. Head, Jr.,* for appellants.

*Neely, Freeman & Hawkins, John E. Sawhill, III, Homer A. Houchins, Jr.,* for appellees.