### 63511. THOMPSON et al. v. WALKER.

QUILLIAN, Chief Judge.

Plaintiff-appellants, children and personal representative of a deceased, brought this action against appellee Walker alleging that Walker negligently caused the decedent's death by striking him with an automobile. At the conclusion of the plaintiffs' evidence the trial court, finding no evidence of negligence, granted Walker's motion for directed verdict and subsequently denied appellants' motion for a new trial, from which rulings this appeal is taken. *Held:*

The only evidence of what occurred came from plaintiffs' cross-examination of Walker. He testified that in the early morning hours of February 18, 1978 he was driving a 1975 Pinto automobile south on Highway 29 north of Athens when he collided with an object which he later determined to be the deceased. (Other evidence established that Highway 29 was a four-lane road.) There were no other persons or vehicles on the road, nor was there anything, except dark clothing, to prevent him from seeing other vehicles or persons on the road. The car's bright lights were on and were properly focused and functioning. The roadway was straight and almost level where the collision occurred. He did not see the object until it was about one foot in front of his car. There were no bushes or high grass on the shoulder of the road, which was clear all the way to the fence line. After he hit the object he turned around and went back and found that it was a man. He saw the body make a movement, then checked the pulse and found that death had occurred. Photographs of the decedent apparently taken at the scene show that he was dressed in dark clothing.

Appellants assert that from this evidence the jury could have

found that appellee was negligent in failing to keep a proper lookout because he did not see the decedent until he was one foot from the car and there was nothing to prevent appellee from seeing him. On the other hand appellee argues that the evidence does not show any negligence on his part and the trial court correctly directed the verdict because appellants had not carried their burden of presenting a prima facie case of negligence.

" 'It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine.' [Cit.]" *Trotter v. Peet,* 135 Ga. App. 580, 581 (218 SE2d 295).

That appellee kept a proper lookout and was not negligent because he did not see the decedent who was dressed in dark clothing until he was one foot from him is not the only reasonable inference from the evidence. Another reasonable inference is that if appellee had his bright lights on and there was nothing to obstruct or distract his observation he was negligent because with a proper lookout he would have been able to see the decedent even in dark clothing in time to avoid hitting him.

Questions of negligence will not be decided by the court as a matter of law except in "clear and indisputable" cases. *Hargrove v. Tanner,* 98 Ga. App. 16 (104 SE2d 665).

We find that the evidence in this case is not "clear and indisputable" as to the issue of appellee's negligence and did not demand a particular verdict. Code Ann. §§ 81A-150 (a) (Ga. L. 1966, pp. 609, 656, 1967, pp. 226, 237, 246, 248); 110-104 (Ga. L. 1961, p. 216). Compare, *Russell v. Goza,* 143 Ga. App. 455 (238 SE2d 583); *Trotter v. Peet,* 135 Ga. App. 580, supra; *McCarty v. Nat. Life &c. Co.,* 107 Ga. App. 178, 181 (129 SE2d 408).

Accordingly, the trial court erred in directing a verdict for appellee.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 19, 1982 —
REHEARING DENIED MAY 7, 1982 —

*Thomas M. Strickland,* for appellants.
*Gary Blasingame, David E. Barrett,* for appellee.