## 75019. LEWIS v. DUGGAN.
(362 SE2d 73)

BIRDSONG, Chief Judge.

Appellant Jeffrey Y. Lewis appeals from the grant of summary judgment to appellee Marian Duggan. Appellant has included within the record only specified portions of the evidence which he contends support his claim that the trial court erred in finding there was no genuine issue of any material fact and granting summary judgment to appellee. We are without any evidence submitted by the appellee, and appellant also declined to forward a transcript. As best can be determined, on May 21, 1985, appellant Lewis was proceeding southward on Mt. Paran Road on his bicycle when he approached the I-75 underpass. The time is alleged to have been 8:15 p.m. There is no evidence as to darkness, or lights in the area, or on what portion of the road appellant was traveling. Duggan apparently had exited from I-75 for she was at the intersection with Mt. Paran, probably coming from the left, because the complaint alleged Duggan accelerated her car rapidly into Lewis' lane of traffic and forced him over the curb where

he sustained injuries to his person and his property. Lewis brings this appeal from the grant of summary judgment to Duggan. *Held*:

1. Appellant contends the trial court erred in finding there was no issue of fact regarding "intentional misconduct" by appellee, and that there was no indication of any "wrongdoing" other than ordinary negligence. Counsel argues that appellee's conduct evinces a "conscious indifference to consequences" and is intentional misconduct. See *Hamilton v. Powell, Goldstein, Frazer &c.*, 252 Ga. 149, 150 (311 SE2d 818). The critical word in this claim is "conscious." The only evidence in the record showing appellee's version of this incident is appellant's affidavit in which appellee told him she did not see him because he must have been in her blind spot, and had driven into his lane to get out of the way of an oncoming motorcycle, but only touched her accelerator to keep her car from stalling. She denied that her car sped forward rapidly, but did admit her car always stalled.

The act of appellee in failing to see appellant shows only a failure to keep a proper lookout. Such failure shows negligence, not intentional conduct. *Thompson v. Walker*, 162 Ga. App. 292, 293 (290 SE2d 490); *Hill v. Copeland*, 148 Ga. App. 232, 234 (250 SE2d 822); *Walls v. Parker*, 146 Ga. App. 882, 883 (247 SE2d 556); *Meatows v. Oxford*, 124 Ga. App. 778 (1) (186 SE2d 343).

Counsel also argues that all Duggan had to do was turn the wheel of her car to the left to avoid the threat of collision, and her failure to do so "amounted to 'a wantonness equivalent in spirit to actual intent.'" *Carr v. Woodside Storage Co.*, 217 Ga. 438, 444 (123 SE2d 261). In *Carr* the plaintiff had requested the trial court to charge the jury its contention that the defendant "committed wilful and wanton negligence through driving the defendant's truck at a fast and illegal rate of speed while intoxicated, and through failing to keep a proper lookout ahead, and through failing to reduce speed on the approach to an intersection, and through failure to apply the brakes in time to avoid colliding with the automobile driven by her son." Id. at 439. We find these combined acts of negligence are too disproportionate to the simple act here of failing to keep a proper lookout and thereby driving up close to appellant's bicycle, to be controlling authority. The Supreme Court, in *Carr*, stated: "The court, in charging the jury upon the subject, should make it plain that it is never applicable unless the defendant's conduct was such as to evince a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences, where human life or limb was involved, as to justify the jury in finding . . . equivalent in spirit to actual intent." Id. at 440. We agree with the trial court in its finding that in the circumstances "actual intent" is absent in the case at bar.

A case which is similar is *Palmer v. Stevens*, 115 Ga. App. 398 (3) (154 SE2d 803), in which the defendant was charged with "failing to

steer said vehicle to the left and thereby avoid striking" the plaintiff. There the court discussed the "last clear chance" doctrine and held that "it is only where the defendant knows of the other person's perilous situation and realizes or has reason to realize the other's helpless condition, that defendant is charged with a duty of using with reasonable care and competence his then existing ability to avoid harming the other person." (Emphasis deleted.) We do not here hold that the last clear chance doctrine was applicable in this incident, but we concur in the reasoning there employed, that the alleged tortfeasor cannot steer his vehicle so as to avoid the victim until he is aware of his presence. And, in the instant case, appellant's evidence showed appellee was unaware of appellant's presence until it was too late to avoid the near collision.

" 'It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine.' " *Thompson*, supra at 293; accord *Trotter v. Peet*, 135 Ga. App. 580, 581 (218 SE2d 295). The evidence of record is susceptible of but one inference as to whether appellee's actions were wilful, wanton, or exhibited a conscious indifference to consequences so as to amount to intentional misconduct. See *Truelove v. Wilson*, 159 Ga. App. 906, 908 (285 SE2d 556). We conclude, in agreement with the trial court, there was no evidence of intentional misconduct or conscious disregard for the safety of others on the road. It follows the trial court did not err in refusing to find appellee's actions constituted intentional misconduct.

2. Appellant enumerates as error the trial court's grant of summary judgment to appellee. We find no error. Appellant and appellee are both subject to the Georgia Motor Vehicle Accident Reparations Act, otherwise known as "no-fault" insurance. OCGA § 33-34-1 et seq. Appellee was the driver of an insured vehicle and appellant was a "pedestrian," as defined by OCGA § 33-34-2 (11); see *Partridge v. Southeastern Fidelity Ins. Co.*, 172 Ga. App. 466, 467 (323 SE2d 676).

The objectives of our "no-fault" Act include the elimination of wasteful litigation on moderate and small claims, and provisions for minimal insurance coverage for automobile accident victims. *Cannon v. Ga. Farm &c. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238). Georgia's "no-fault" law follows the statutory scheme of reparation without regard to fault "because of accidental bodily injury" arising from ownership, operation, maintenance, or use of an insured vehicle, unless the injury is a "serious injury" as defined in OCGA § 33-34-2 (13). Appellant contends (a) he incurred a serious injury, and (b) this code section is inapplicable because this was not an "accidental bodily injury."

(a) "Serious injury" is defined as bodily injury resulting in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, or injury resulting in reasonably incurred medical expenses exceeding $500, or injury resulting in disability for not less than ten consecutive days. OCGA § 33-34-2 (13). From the record before us, the only claim for "serious injury" was "permanent disfigurement." The record does not show any evidence of the other elements or the amount of medical expenses. The trial court found that Lewis did not incur medical expenses exceeding $500, as shown by his deposition, and the photographs submitted to the court did not show "permanent disfigurement." Neither the photographs nor the depositions are included in the record and we must assume, as a matter of law, that the evidence before the trial court was sufficient to support the result reached. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16); see also *Mills v. City of Atlanta*, 175 Ga. App. 8 (332 SE2d 319) as to scars. On appeal, the burden is on the appellant to show error by the record. Appellee's motion for summary judgment is not in the record, and there is no indication whether a hearing was held or if it was transcribed. We have no indication what evidence appellee presented, and whether it pierced appellant's pleadings, or established her entitlement to judgment. We find that the evidence of record does not establish any issue of material fact which would prevent a grant of summary judgment for appellee.

(b) The present claim for non-economic damages under OCGA § 33-34-9 applies only to "accidental bodily injury," and appellant's claim that this exclusion would not apply to him because the injury was intentional was decided adversely to him in Division 1 above. See OCGA § 33-34-2 (1) for a definition of "accidental bodily injury." We find appellant incurred accidental bodily injuries which did not exceed $500 in medical expenses, or amount to permanent disfigurement. The trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 25, 1987 —
REHEARING DENIED OCTOBER 19, 1987.

*Karsten Bicknese*, for appellant.
*V. Jane Reed, Walter B. McClelland, Arthur L. Myers, Jr.*, for appellee.